IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW JACKSON, Reg. # 11857-032 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 2:15CV00103-JJV |
| C.V. RIVERA, Warden, | * | |
| FCI - Forrest City Low | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) and Brief in Support (Doc. No. 2) pursuant to 28 U.S.C. § 2241, filed by Matthew Jackson, an inmate in the Federal Correctional Institution, Forrest City Low.

**I.   PROCEDURAL BACKGROUND**

On September 5, 2008, Petitioner Matthew Jackson pleaded guilty to receipt of child pornography, and on December 5, 2008, the Eastern District of Kentucky sentenced him to ninety-seven months' imprisonment in the Bureau of Prisons (BOP). Judgment at 2, United States v. Jackson, No. 2:08-CR-50-DLB-1 (E.D. Ky. Dec. 5, 2008), ECF No. 38. On September 14, 2014, BOP recommended Mr. Jackson's placement in a Residential Re-entry Center (RRC) for 151 to 180 days. (Doc. Nos. 2, 8-1.) However after further review, the referral was revoked. Having not been transferred, Mr. Jackson submitted a grievance asking to be moved to a halfway house. The grievance was denied, and all other requests were rejected. (Doc. No. 8-1 at 13.)

On June 24, 2015, Mr. Jackson filed the current Petition for Writ of Habeas Corpus asking the Court to order the BOP "to consider its placement factors" and create "a credible transitional plan." (Doc. No. 1.) The BOP responded that the Petition should be dismissed because Mr. Jackson

1

does not have a liberty interest in being transferred to a transitional facility. (Doc. No. 8.) For the following reasons, the Court agrees.

**II.    ANALYSIS**

Mr. Jackson argues the BOP "abused its discretion by not facilitating a transitional plan. . ." for him.  (Doc. No. 2.)  He contends that by BOP policy, inmates should be transferred to a transitional facility prior to their release.  He challenges the process in which the BOP revoked his RRC referral.  Unfortunately for Mr. Jackson, Congress has delegated to the BOP the authority to determine a prisoner's classification and place of confinement.  *See* 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification.  A prisoner possesses no liberty interest in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25, (1976); *Montanye v. Haymes*, 427 U.S. 326 (1976). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (quoted in *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and *Sandin v. Conner*, 515 U.S. 472, 480 (1995)).

I understand why Mr. Jackson feels he should have been moved to a transitional facility, especially because he was referred to such a facility in September 2014.  After taking a closer look at Mr. Jackson's transfer to RRC placement, BOP realized that the RRC in Kentucky where he would have been placed is within one thousand feet of a school.  Mr. Jackson is a sex offender, and Kentucky law prohibits sex offenders from residing near a school. (Doc. No. 8-1 at 6.)  BOP clearly did not abuse its discretion by revoking Mr. Jackson's RRC placement.  Furthermore, Mr. Jackson

does not have a liberty interest in his place of confinement; therefore, the Petition must be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As previously stated, Mr. Jackson has no liberty interest in RRC placement, therefore a certificate of appealability will not be issued.

### IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Jackson's cause of action is DISMISSED with prejudice and the requested relief is denied. A certificate of appealability will not be issued.

SO ORDERED this 13th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE